[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of Danbury. Many of the facts that give rise to this action are not in dispute. The plaintiff and defendant were married on September 25, 1982 in Portland, Connecticut. The plaintiff has resided continuously in the State of Connecticut for at least twelve months immediately prior to the date of the filing of the complaint. The marriage between the parties has broken down irretrievably without reasonable prospects of reconciliation. There are three minor children issue of the marriage: Eric D. Crosskey, born December 28, 1984; Mark W.C. and Miles M. Crosskey, both born September 24, 1986. No other minor children have been born to the defendant wife since the date of the marriage of the parties. Neither party has received state assistance.
The parties are in dispute as to the cause of the breakdown. Plaintiff claims she was assaulted by the defendant around Labor Day in September of 1996 when he came to the bed she was sleeping in apparently seeking sexual relations. Plaintiff offered a series of pictures to support her claim. The pictures were taken four days subsequent to the alleged assault and defendant was arrested at that time. The pictures were taken by a neighbor at the neighbor's suggestion. The defendant admits going to the plaintiff's bed, but claims the assault was mutual and that her claim is exaggerated. He also attributes the marks shown in the pictures to injuries sustained to her while playing racket ball. The plaintiff is recognized as extremely skillful at this sport. The Court gives some credence to plaintiff's claim.
The defendant, who appears to have a subdued temperament, testified that the marriage had broken down long before this incident. He claims that the parties stopped having sexual relations in April of 1995, and that plaintiff told him she liked him like a brother. She stayed in upstate New York while defendant purchased a home in Ridgefield. She moved to Ridgefield with the children in July of 1995. When it came to sex, she said she wanted her space. He tried to get her to go to counseling and they went once. At the counseling session, she told him she did not love him. The one or two incidents involving an assault was clearly inappropriate. However, at the time the incidents occurred, the plaintiff had lost any interest she may have had in the defendant. Both parties are equally at fault for the breakdown of the marriage. CT Page 393
Plaintiff claims she is unable to work on a full-time basis. There are three children, one aged fourteen, and twins who are twelve. They do very well academically. Eric, the oldest, has Asperberg syndrome, takes Ritalin and has, because of the syndrome, some difficulty making social adjustments. He is making marked improvement. Children at these ages require supervision. To require her to work full-time would be unfair to them. In any event, unless she updates her skills substantially, she is unlikely to obtain substantial income. The Court enters the following orders:
 1. JOINT CUSTODY AND VISITATION
Per the agreement of the parties. See attached stipulation.
 2. CHILD SUPPORT
The defendant shall pay to the plaintiff for the support of the minor children the total sum of $600 per week. Child support shall be payable until each child graduates from high school, but not beyond the age of nineteen years.
 3. HEALTH INSURANCE COVERAGE
The defendant shall maintain medical insurance coverage for the minor children and the maintenance of said insurance shall continue until each child graduates from high school but not beyond the age of nineteen years. The parties shall equally share the payment of unreimbursed medical and dental expenses incurred by the children.
 4. ALIMONY
The defendant shall pay to the plaintiff as alimony the sum of $500 per week payable until the death of either party, the plaintiff's remarriage, her cohabitation with an unrelated male, or eight years from date. Upon the happening of the first of the previously enumerated events, alimony shall terminate. Alimony shall be non-modifiable as to term.
 5. ADDITIONAL ORDERS
A. The alimony and support orders are predicated upon defendant's base gross yearly income in the amount of $139,000. The defendant has traditionally received increases and/or bonuses CT Page 394 as a result of his IBM employment. The defendant shall pay to the plaintiff a sum equal to 40 percent of any gross employment earnings he receives in excess of $139,000 up to and including his gross earnings of $170,000 per year. This excess shall be considered alimony payments. The increases shall be paid when received, and all payments shall be designated as additional periodic alimony and shall be payable during the same period of time as the base periodic alimony.
B. The parties are the joint owners of property located at 206 Mimosa Circle, Ridgefield, Connecticut. The property has recently been appraised at a fair market value of $383,000 with a mortgage of $243,300. The defendant shall pay to the plaintiff the sum of $70,000, and plaintiff shall quitclaim any and all interest in said real estate to the defendant. The defendant shall be responsible for the existing mortgage.
C. The plaintiff shall be entitled to $6000 which is a portion of the defendant's 1997 bonus.
D. The defendant has 800 stock options. These options are exercisable in four groups of 200 shares in February of 1999, February of 2000, February of 2001, and February of 2002. Stock options that have not yet "matured" or "vested" at the time of dissolution may be an interest in property under General Statutes § 46b-81. Bornemann v. Bornemann, 245 Conn. 508, 514-20, ___ A.2d ___ (1998). Accordingly, the defendant shall be required to exercise the aforementioned options when they first become exercisable. The plaintiff shall be entitled to 25 percent of the net amount received (option price less costs of exercising the option) and both parties shall be responsible for the taxes due on their individual shares.
E. The defendant has a defined benefit plan at IBM. The plaintiff shall be entitled to 45 percent of the same. A Qualified Domestic Relations Order shall issue concerning the plan. To the extent permitted by the plan, the plaintiff shall be considered a spouse for the purpose of receiving any survivor or death benefits in the event that the defendant dies prior to or after his retirement, but only to the extent of her proportionate share as stated above.
F. The defendant has an IRA account containing approximately $10,000. The plaintiff has an IRA account containing approximately $15,000. Each of the parties shall retain their CT Page 395 respective accounts.
G. The defendant has a 401K account which fluctuates because of the market valuation of various stocks. The plaintiff shall be entitled to 45 percent of the account. Said sum shall be transferred directly from defendant's 401K to an account of the plaintiff's designation. This shall be a tax free transfer, and a Qualified Domestic Relations Order shall be issued concerning the same.
H. The parties have previously divided their furnishings and personal effects.
I. The parties have a time-share known as the Royal Aloha Vacation, with an agreed value of $6000. The defendant shall transfer his interest in same to the plaintiff and she shall be responsible for any and all obligations concerning the same.
J. Both parties have separate motor vehicles and they shall retain the same. The plaintiff shall retain the Nissan automobile and be responsible for the lease payments concerning same. When the current lease for the automobile expires, the plaintiff shall be responsible for all lease payments and other payments due at the termination of the lease, and she shall save the defendant harmless from any and all claims that may arise against him as a result of his participation in the lease.
K. The parties have U.S. savings bonds which have a value of approximately $17,000. The parties have agreed the bonds shall be utilized for the children's educational expenses. The defendant shall hold them in trust for this purpose.
L. The jointly owned Fidelity Mutual Fund containing approximately $5600 shall be utilized for the children's educational expenses pursuant to the agreement of the parties.
M. The plaintiff shall be the designated beneficiary of $100,000 of life insurance to protect the alimony claim. The obligation shall continue so long as the defendant is obligated to pay alimony. The children shall also be the designated beneficiaries of $100,000 of life insurance. That requirement shall continue until each child attains the age of twenty-two years.
N. The defendant shall be entitled to claim the older child CT Page 396 as a dependent for tax purposes, and the plaintiff shall claim the two younger children as dependents for tax purposes.
O. The defendant shall pay the sum of $5000 as counsel fees on behalf of the plaintiff in this action.
Owens, J.